Filed 9/23/21  P. v. Myles CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E076505 |
| v. | (Super.Ct.No. FSB10937) |
| JOHN MYLES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Michael A. Smith, Judge. (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Affirmed.

Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Julie L. Garland, Assistant Attorney General, Daniel Rogers and Vincent P. LaPietra, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 2001, a jury convicted John Myles of first degree murder and found true the robbery-murder special circumstance, which authorizes a sentence of life without the possibility of parole for "a major participant" in a felony murder who acted with "reckless indifference to human life." (Pen. Code, § 190.2, subds. (a)(17) & (d), unlabeled statutory citations refer to this code.) In 2019, Myles filed a petition for resentencing under the then newly enacted section 1170.95.

On appeal, Myles argues the trial court erred by summarily denying his petition. We disagree and affirm. The robbery-murder special circumstance renders him ineligible for resentencing as a matter of law.

I

FACTS

On April 20, 1996, Myles took an accomplice, Tony Rogers, with him to rob a restaurant. Myles ordered Rogers to hold a gun on employees in the kitchen, and to shoot anyone who tried to leave. Meanwhile, Myles robbed the patrons and took money from the cash register. When one of the patrons tried to take Rogers's gun, Rogers shot him several times, killing him. (*People v. Myles* (2012) 53 Cal.4th 1181, 1189-1190 (*Myles*).)

A jury convicted Myles of first degree murder (§ 187, subd. (a)) and found true the special circumstance allegation that the murder was committed while Myles was engaged in the commission of robbery (§ 190.2, subd. (a)(17)(A)). The jury also convicted Myles of two counts of second degree robbery (§ 211) and one count of unlawful possession of a firearm (former § 12021, subd. (a)(1) (now § 29800, subd. (a)(1); Stats.2010, ch. 711)).

2

It found true the allegation that Myles personally used a handgun. (§ 12022.5, subd. (a).) (*Myles*, *supra*, 53 Cal.4th at p. 1186.)

On July 12, 2019, Myles filed a petition for resentencing under section 1170.95, and the court appointed him counsel. The trial judge hearing the petition was the same judge who presided over Myles's trial. After briefing from both parties, the court concluded based on its own recollection of the facts from the trial that it was "satisfied that [] Myles was both a major participant and was acting with reckless disregard for human life." In addition, it concluded the robbery-murder special circumstance rendered Myles ineligible for relief as a matter of law. and denied the petition on both grounds. Myles timely appealed.

## II

## ANALYSIS

Myles argues the trial court erred by performing inappropriate factfinding and in concluding the special circumstance renders him ineligible as a matter of law.

Senate Bill No. 1437, which became effective on January 1, 2019, "addresses certain aspects of California law regarding felony murder and the natural and probable consequences doctrine by amending Penal Code sections 188 and 189." (*People v. Martinez* (2019) 31 Cal.App.5th 719, 722.) Under section 189 as amended, "a participant in enumerated crimes is liable under the felony-murder doctrine only if he or she was the actual killer; or, with the intent to kill, aided and abetted the actual killer in commission of first degree murder; or was a major participant in the underlying felony and acted with

3

reckless indifference to human life." (*People v. Munoz* (2019) 39 Cal.App.5th 738, 749, review granted Nov. 26, 2019, S258234.)

Senate Bill No. 1437 also added section 1170.95, which allows a person who has been convicted under a first degree felony-murder theory—but who could no longer be so convicted under Senate Bill No. 1437—to petition to have the conviction vacated. The statute requires a defendant to submit a petition affirming that they: (1) were charged with murder in a manner "that allowed the prosecution to proceed under a theory of felony murder" (§ 1170.95, subd. (a)(1)); (2) were "convicted of" or pleaded guilty to "first degree or second degree murder" (§ 1170.95, subd. (a)(2)); and (3) "could not be convicted of first or second degree murder because of changes to Sections 188 or 189 made" by Senate Bill No. 1437 (§ 1170.95, subd. (a)(3)).

Next, the court determines whether the petitioner has made a prima facie showing that they qualify for resentencing. (§ 1170.95, subd. (c).) When conducting a prima facie review, " ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' " (*People v. Lewis* (July 26, 2021) 11 Cal.5th 952, 971 (*Lewis*).) Because the trial court's review is purely legal, we review his decision de novo. (See *People v. Drayton* (2020) 47 Cal.App.5th 965, 981, disapproved on other grounds in *Lewis*, at p. 963.)

Though our appellate courts are split on the issue,[1] our court has recently held that "[a] defendant with a special circumstance finding under section 190.2, subdivision (d) is not eligible for relief under section 1170.95 as a matter of law," because "a jury found them to have been a major participant in the underlying felony who acted with reckless indifference to human life." (*People v. Jones* (2020) 56 Cal.App.5th 474, 482 (*Jones*), review granted Jan. 27, 2021, S265854.) In *Jones*, we rejected the argument that our Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) redefined the terms "major participant" and "reckless indifference to human life" for purposes of the robbery-murder special circumstance. (*Jones*, at pp. 478-480.) We concluded those opinions "did not create a new rule of law, but rather 'clarified' the already-existing meaning of the phrases 'major participant' and 'reckless indifference to human life' for purposes of special circumstance allegations." (*Id.* at p. 482.) Simply put, section 1170.95 is not a mechanism for relitigating factual questions that were settled by a prior jury. (*Jones*, at p. 485; *Allison*, *supra*, 55 Cal.App.5th at p. 461.) Thus, "[a] petitioner with a pre-*Banks*/*Clark* finding faces the same bar to relief under section 1170.95 as a petitioner with a post-*Banks*/*Clark*

---

[1] Compare *People v. Gomez* (2020) 52 Cal.App.5th 1, review granted October 14, 2020, S264033, *People v. Galvan* (2020) 52 Cal.App.5th 1134, review granted October 14, 2020, S264284, and *People v. Allison* (2020) 55 Cal.App.5th 449 (*Allison*), each concluding the special circumstance finding renders a petitioner ineligible for relief as a matter of law, with *People v. Torres* (2020) 46 Cal.App.5th 1168, review granted June 24, 2020, S262011, *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835, and *People v. York* (2020) 54 Cal.App.5th 250, review granted November 18, 2020, S264954,which reach the opposite conclusion.

finding." (*Jones*, at p. 482.) We see no reason to depart from our holding in *Jones* and therefore conclude the court properly denied the petition.

Myles also argues the trial court erred by engaging in factfinding when reviewing the petition. In particular Myles points to the court's statement that "[t]he issue then is whether or not there is sufficient evidence for the Court to find that [] Myles was a major participant in the underlying felony, the robbery, and that he was acting with reckless disregard for human life." In addition, the court relied on its recollection of the evidence from the trial and concluded this evidence was sufficient to find Myles was a major participant who acted with reckless disregard for human life.

A court may review the record of conviction, including prior appellate decisions, to "inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis, supra*, 11 Cal.5th at p. 971.) However, "at the prima facie stage, a petitioner's allegations should be accepted as true, and the court should not make credibility determinations or engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 974.) The only exception to this rule is " 'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id.* at p. 971.)

Given this, the court erred in concluding "[t]he issue then is whether or not there is sufficient evidence for the Court to find that [] Myles was a major participant in the

6

underlying felony, the robbery, and that he was acting with reckless disregard for human life." The court's job at this stage was to assess whether Myles's petition made a prima facie case for eligibility, not analyze the sufficiency of the evidence supporting previous factual findings or make factual findings of its own.

However, the error was harmless because the special circumstance finding renders Myles ineligible for relief as a matter of law even if this were the only basis for the trial court's opinion. Moreover, the error here is particularly meaningless because the trial court explicitly considered our decision in *Jones,* adopted its reasoning (along with the reasoning in other similar cases), and concluded the prior special circumstance finding was "a separate and independent basis for denying the petition."

III

DISPOSITION

We affirm.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH_____
Acting P. J.

I concur:

FIELDS_____
J.

7

[*People v. Myles*, E076505]

RAPHAEL, J., Dissenting.

I would remand this case for an evidentiary hearing pursuant to Penal Code section 1170.95, subdivision (d). I think the Legislature required us to do so when a petitioner such as John Myles pleads a prima facie challenge to his murder conviction under section 1170.95 subdivisions (a) and (b). (See *People v. Lewis* (2021) 11 Cal.5th 952, 972 [prima facie case bar intentionally and correctly set very low].) If a petitioner pleads a prima facie case, he has an opportunity to submit evidence and argument whatever the apparent strength of his case on the merits. (See *id.* at p. 968 [counsel briefing not need be extensive and counsel could conclude petition is meritless].) The majority is therefore correct that the trial court should not short-circuit the process based on its recollection, even if it seems unlikely that the petitioner would succeed. Where I differ with the majority is its decision to follow the case law holding that the jury's findings here preclude section 1170.95 relief. Our Supreme Court has held that similar jury findings here do not preclude a postconviction attack under current law (*In re Scoggins* (2020) 9 Cal.5th 667, 673), so I think we are required to allow the section 1170.95 challenge to proceed. We should follow the case law that does as much. (See, e.g., *People v. Arias* (2021) 66 Cal.App.5th 987, 1000; *People v. Pineda* (2021) 66 Cal.App.5th 792, 797; *People v. Harris* (2021) 60 Cal.App.5th 939, 954-956).

RAPHAEL__
J.

1